FILED

OCT 17 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALEIGH R. FIGUERAS
(Name of Plaintiff)
611 FRONTAGE RD.
(Address of Plaintiff)
McFARLAND, CA. 93250

1:22CU 01328-SRO-(PC)
(Case Number)

vs.

COMPLAINT

Ms. NANCY GONZALES - DIRECTOR ICE

Ms. MUROS - AGENT ICE

MR. CONTRERAS - DEPORTATION OFFICER
(Names of Defendants)

RECEIVED

OCT 17 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

I. Previous Lawsuits:

   A. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☒ No

   B. If your answer to A is yes, how many?: __N/A__ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff __N/A__

         Defendants __N/A__

---

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983            Rev'd 5/99

1

2. Court (if Federal Court, give name of District; if State Court, give name of County)
   N/A

3. Docket Number  N/A

4. Name of judge to whom case was assigned  N/A

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
   _____

6. Approximate date of filing lawsuit  N/A

7. Approximate date of disposition  N/A

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?   ☑ Yes    ☐ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
                                                                      ☑ Yes    ☐ No
      If your answer is no, explain why not _____

   C. Is the grievance process completed?                              ☑ Yes    ☐ No

III. Defendants

   (In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

   A. Defendant MS. NANCY GONZALES is employed as DIRECTOR IMMIGRATION CUSTOM EMFORCEMENT at 860 TRUXTUN AVE BAKERSFIELD, CA. 93301

   B. Additional defendants MS. MOIROS - AGENT ICE 860 TRUXTUN AVE BAKERSFIELD CA. 93301
   MR. CONTRERAS - DEPORTATION OFFICER - GOLDEN STATE ANNEX 611 FRONTAGE RD. McFARLAND, CA. 93250

2

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1) PROLONGED DETENTION - TRUST ACT
2) PRIOR CONVICTION THAT NEVER OCCURRED SERIOUS VIOLENT CRIME
3) LOST OF CONFIDENTIAL DOCUMENTS AND LEGAL DOCUMENTS.
A) CONFIDENTIAL DOCUMENTS - CHILDREN'S IDENTIFICATION BIRTH CERTIFICATE, SOCIAL SECURITY NUMBER AND SOME FAMILY'S PICTURES AND LETTERS INCLUDING MY BIRTH CERTIFICATE, SOCIAL SECURITY NUMBER, CREDENTIAL ACCOMPLISMENT CERTIFICATES.
THE ICE ADMITTED THAT ALL THESE IMPORTANT DOCUMENTS IN MY PROPERTY WERE LOST AND THEY'D CAN'T PROVIDE. COVID-19 DETECTED POSITIVE IN DETENTION FACILITY, SEE FRAIHAT V. ICE

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

IM PRAYING TO GOD ALMIGHTY THAT THE COURT WILL GRANT MY RELIEF FOR MONEY DAMAGES AMOUNT OF $1,500,000.00 MILLION INCLUDING LAWYERS FEE.

Signed this 14 day of OCTOBER, 20 22.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

10/14/2022
(Date)

_____
(Signature of Plaintiff)

3

or parole. Under the TRUST Act and California Values Act, however, local law enforcement agencies may only cooperate with ICE when a person has been convicted of a statutorily specified crime. See §§52.6A–52.6F.

**§52.6    2. Noncitizen Status as Affecting Other Issues**

**Denial of probation.** A trial court must consider the collateral effects of imprisonment on the defendant and the defendant's family in deciding whether to grant probation. Cal Rules of Ct 4.414(b)(5)–(6). The court may properly consider a defendant's status as an undocumented noncitizen when deciding whether to grant probation. *People v Arce* (2017) 11 CA5th 613 (Pen C §1170(h) split sentence properly denied due to immigration status); *People v Sanchez* (1987) 190 CA3d 224 (probation denied).

**Probation conditions.** A probation condition requiring the defendant to leave the state is unconstitutional banishment. *Alhusainy v Superior Court* (2006) 143 CA4th 385. The failure to appear in court for a review hearing is not a probation violation if it is impossible for the undocumented noncitizen probationer to appear because he or she is in immigration custody. *People v Cervantes* (2009) 175 CA4th 291. See, e.g., *People v Galvan* (2007) 155 CA4th 978 (probationer's failure to report to probation within 24 hours of release from county jail did not constitute willful violation that justified revocation of probation, since federal government deported defendant to Mexico immediately on release from county jail, making it impossible to report).

Note that in a case when the trial court found the defendant in violation of his probation for illegally reentering the country after the original court-imposed period of probation had expired, the California Supreme court held that the trial court could not find the defendant in violation of probation solely on the basis of conduct that occurred after the expiration of the probationary period. *People v Leiva* (2013) 56 C4th 498. See Pen C §1203.2.

**Proposition 36.** In *People v Espinoza* (2003) 107 CA4th 1069, the court of appeal held that Proposition 36 probation (Pen C §§1210–1210.5) was not mandatory for a defendant who was an undocumented noncitizen with a substantial criminal history, because it was impossible to condition probation on completion of a drug treatment program in view of the substantial likelihood that the defendant would be deported.

**Illegal detention.** Border stops are deemed reasonable. *U.S. v Ramsey* (1977) 431 US 606, 619, 97 S Ct 1972. Stops by border agents at reasonably located, fixed checkpoints are deemed reasonable. *U.S. v Martinez-Fuerte* (1976) 428 US 543, 562, 96 S Ct 3074. Other immigration detentions, however, e.g., stops by roving patrols of border patrol agents, must be supported by specific, articulable facts giving rise to a reasonable suspicion. *U.S. v Brignoni-Ponce* (1975) 422 US 873, 884, 95 S Ct 2574; *U.S. v Garcia-Camacho* (9th Cir 1995) 53 F3d 244; *People v Valenzuela* (1994) 28 CA4th 817 (stop at agricultural station must be supported by reasonable suspicion; single factor of Hispanic appearance, Spanish fluency, and inability to speak English well insufficient to support reasonable suspicion that person is illegal alien).

(8.28.77) expired 48 hrs.

**§52.6A    3. California TRUST Act**

The TRUST Act was signed into law by Governor Jerry Brown on October 5, 2013. See Govt C §§7282, 7282.5. The TRUST Act was designed to prohibit a law enforcement official or local law enforcement agency from detaining an individual in custody on the basis

*Exhibit D*

of an immigration hold or immigration detainer beyond the time he or she is eligible for release from criminal custody, unless statutorily enumerated conditions are met, including that the individual was convicted of a statutorily enumerated crime or held to answer for an enumerated felony. Govt C §7282.5(a). Under federal regulation, custodial detention by a local agency is subject to a maximum of 48 hours. See 8 CFR §287.7.

Many important aspects of the TRUST Act were amended, effective January 1, 2018, by the California Values Act. See §52.6F. Govt C §§7284–7284.12. This provision bars law enforcement agencies from prolonging detention in response to immigration hold requests in all cases, regardless of the offense. Govt C §7284.6(a)(1)(B). Law enforcement can still cooperate with federal immigration officials and transfer individuals falling within certain criteria to ICE custody, but not by means of further detention. Further, effective January 1, 2020, Govt C §15160 prohibits the use of information stored in the CLETS (California Law Enforcement Telecommunications System) database for immigration enforcement.

### §52.6B         a. Litigation

Since the enactment of the TRUST Act, significant litigation has ensued on the legality of prolonging detentions for any amount of time on the sole basis of an "ICE Hold." Courts have held that any detention of an individual beyond his or her release from criminal custody violates an individual's Fourth Amendment rights.

In *Miranda-Olivares v. Clackamas County* (Apr. 11, 2014, No. 3:12-cv-02317-ST) 2014 US Dist Lexis 50340, the federal district court in Portland, Oregon, held that Clackamas County violated Miranda-Olivares's constitutional rights when it continued to detain her solely on the basis of the issuance of an ICE detainer. The court held that Clackamas County was liable for damages under 42 USC §1983 because the prolonged detention based solely on the ICE hold after Miranda-Olivares was otherwise entitled to release constituted a new arrest and necessitated a finding of probable cause independent of the initial finding for violating state law.

In *Galarza v Szalczyk* (3d Cir 2014) 745 F3d 634, 640, the court held that "immigration detainers are requests and not mandatory orders" and noted that "all federal agencies and departments having an interest in the matter have consistently described such detainers as requests." See *Immigration Law—Criminal Justice and Immigration Enforcement—California Limits Local Entities' Compliance with Immigration and Customs Enforcement Detainer Requests—TRUST Act*, 127 Harv L Rev 2593, 2596–2597 (2014) ("And even if ICE wanted to make detainer enforcement mandatory, prevailing Tenth Amendment jurisprudence—which prohibits 'command[ing] the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program'—indicates that it could not do so. States are thus free to decide for themselves whether to limit—or even prohibit—the enforcement of detainers.").

ICE relies extensively on information systems to help it identify the immigration status of every single person admitted to county jail or state prison. See, *e.g.*, *Gonzalez v Immigration & Customs Enforcement* (CD Cal 2019) 416 F Supp 3d 995 (ICE enjoined from issuing immigration detainers based solely on federal database searches lacking sufficient reliability for probable cause determination). See https://www.aclusocal.org/sites/default/files/aclu_socal_gonzalez_20190927_judgment.pdf.

### §52.6C   b. Relevant Terms

The TRUST Act defines relevant terms accordingly (Govt C §7282):

"Conviction" has the same meaning as in Pen C §667(d).

"Eligible for release from custody" means that the individual may be released from custody because one of the following conditions has occurred:

- All criminal charges against the individual have been dropped or <u>dismissed</u>;
- The individual has been <u>acquitted</u> of all criminal charges filed against him or her;
- The individual has served all the time required for his or her sentence;
- The individual has posted a bond; or
- The individual is otherwise eligible for release under state or local law or local policy.

"Hold request," "notification request," and "transfer request" have the same meaning under Govt C §7283. Hold, notification, and transfer requests include requests issued by the U.S. Immigration and Customs Enforcement or the U.S. Customs and Border Protection as well as any other immigration authorities.

"Law enforcement official" means any local agency or officer of a local agency authorized to enforce criminal statutes, regulations, or local ordinances or to operate jails or to maintain custody of individuals in jails, and any person or local agency authorized to operate juvenile detention facilities or to maintain custody of individuals in juvenile detention facilities.

"Local agency" means any city, county, city and county, special district, or other political subdivision of the state.

"Serious felony" means any of the offenses listed in Pen C §1192.7(c) and any offense committed in another state that, if committed in California, would be punishable as a serious felony as defined by subdivision Pen C §1192.7(c).

"Violent felony" means any of the offenses listed in Pen C §667.5(c) and any offense committed in another state that, if committed in California, would be punishable as a violent felony as defined by Pen C §667.5(c).

### §52.6D   c. TRUST Act Disqualifiers

Government Code §7282.5 provides that a law enforcement agency has discretion to cooperate with immigration authorities only if doing so would not violate any federal, state, or local law or local policy, and when permitted by the California Values Act, and the individual has been held to answer for an enumerated state offense, has been convicted of an enumerated state or federal offense, is a current registrant on the California Sex and Arson Registry, or has been identified by the U.S. Department of Homeland Security's Immigration and Customs Enforcement as the subject of an outstanding federal felony arrest warrant.

The convictions that disqualify an individual for consideration under the TRUST Act include the following (Govt C §7282.5(a)):

- Serious or violent offenses listed in Pen C §1192.7(c) or §667.5(c);   ? PRIOR CONVICTION
- Felony offenses punishable by imprisonment in the state prison;
- Felony convictions within the last 15 years for offenses enumerated in §7282.5(a)(3);
- Misdemeanor convictions within the last 5 years for offenses punishable as either a misdemeanor or a felony (wobbler) that are enumerated in Govt C §7282.5(a)(3); and

RALEIGH R. FIGUERAS
(Name of alien(s) in proceedings)

046504229
(A-Number of alien(s) in proceedings)

## CERTIFICATE OF SERVICE

On 10/14/22, I, RALEIGH R. FIGUERAS,
(date)      (printed name of person signing below)

served a copy of this CIVIL COMPLAINT
(type of document)

and any attached pages to _____
(name of party served)

at the following address: _____
(address of party served)

_____
(address of party served)

by: LEGAL MAIL
(method of service – for example, overnight courier, hand-delivery, first-class mail, ICE OPLA eService)

_____          10/14/22
(signature)                     (date)