UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALEIGH R. FIGUERAS,**<br><br>                    Plaintiff,<br><br>vs.<br><br>**NANCY GONZALEZ, ET AL.,**<br><br>                    Defendants. | 1:22–CV–01328–SKO (PC)<br><br><br>FIRST INFORMATIONAL ORDER<br>IN PRISONER/CIVIL DETAINEE<br>CIVIL RIGHTS CASE |

**I.   INTRODUCTION**

   Plaintiff is a prisoner/civil detainee proceeding pro se (without counsel) (hereinafter referred to as "pro se plaintiff") in this civil rights action.  This Order modifies requirements in Local Rules 130, 133(b)(2), and 135 for cases filed by pro se plaintiffs in the Fresno Division of the Eastern District of California and highlights specific rules unique to such actions.

   In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order.  Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case.  Local Rule 110; Fed. R. Civ. P. 41(b).

/////

/////

**II.  FILING DOCUMENTS WITH THE COURT**

    **A.**  A pro se plaintiff who wishes to file documents with the Court must mail them to:

> **Clerk of the Court**
> **Room 1501**
> **United States District Court**
> **2500 Tulare Street**
> **Fresno, California 93721**

Local Rule 133(d)(1).  Any documents mailed to a judge's chambers, or to the Bakersfield or Yosemite courthouse may be stricken without notice.  **A document which is "stricken" will not be considered by the Court for any purpose.**

    **B.**  A pro se plaintiff must submit all documents to the Court in paper unless the Court orders otherwise.  The Court's electronic filing and storage system generally is available only to attorneys registered to use it.  Local Rule 133(b)(2).  The Clerk will scan paper documents into the electronic court file **and then discard the paper copy.**  Local Rule 138(d).  Accordingly, parties should never send original exhibits to the Court.

    **C.**  A document requesting a court order must be styled as a motion.  Letters to the Court or a judge may be stricken/returned.  Fed. R. Civ. P. 7.

    **D.**  Documents submitted to the Court may be typewritten or handwritten, but must be legible, double spaced, and contain print on only one side of each page.  Local Rule 130 (modified).

    **E.**  The first page of every document filed with the Court by the pro se plaintiff must include, in the upper left–hand corner, the pro se plaintiff's name, address, and prisoner/detainee identification number.  Local Rule 131.

    **F.**  The first page of every document filed with the Court must contain a caption showing the name(s) of the plaintiff and defendants(s), the name of the document being filed, the case number assigned to the action followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned, and the letters "PC."  Local Rule 133.  If a party has more than one case pending and wants to file the same document in more than one case, the party must provide a separate copy of that document, with the correct case number in the first page caption, for each case.  Documents with more than one case number in the caption may be stricken/returned.

    **G.**  Each document submitted for filing must include the **original signature** of the filing party.  Local Rule 131; Fed. R. Civ. P. 11(a).  Documents submitted without the required signature may be stricken.

/////

**H.**   Each separate pleading, motion, or other document submitted for filing must be bound separately at the top−left corner.  Local Rule 130(b).  If two or more documents are bound together, the first will be filed, but the others may be stricken.

**I.**   The Court does not need and will not file duplicates of documents.  Local Rule 133(d)(2) (modified).  If a party wants a file−stamped copy of a document returned for the party's own benefit, a copy for that purpose and a pre−addressed, pre−paid postage envelope must be included.  The Court will not make copies of filed documents or provide postage or envelopes for free even for parties proceeding in forma pauperis.

**J.**   The Court will not serve as a repository for evidence.  The parties may not file evidence (prison, disciplinary or medical records, witness affidavits, etc.) with the Court until it becomes necessary to do so in connection with a motion for summary judgment, trial or the Court requests otherwise.  Evidence improperly submitted to the Court may be stricken/returned.  Similarly, a pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint.  For Court screening purposes, facts stated in complaints are accepted as true.

**III.   SCREENING OF COMPLAINTS**

**A.**   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)(2).

**B.**   A pro se plaintiff may not proceed with legal action against a governmental entity or individual in this Court until the Court screens the pro se plaintiff's complaint and finds that it states a cognizable claim against named defendants.  If the Court does find a cognizable claim and the plaintiff is proceeding in forma pauperis, the Court will direct the United States Marshal to initiate service of the complaint on defendants.  28 U.S.C. § 1915(d).

**C.**   This Court screens pro se plaintiffs' complaint as expeditiously as possible.  However, the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable.  As long as a party keeps the Court informed of the party's current address, the Court will provide notice of

/////

all actions which might affect the case as soon as an action is taken in the case. The Court will not respond in writing to individual inquiries regarding the status of a case.

    **D.** A pro se plaintiff not proceeding in forma pauperis is responsible for timely completing service of process upon all defendants. Fed. R. Civ. P. 4; 28 U.S.C. § 1915(d). A failure to complete timely service may result in dismissal of the action as to a defendant not properly served. Fed. R. Civ. P. 4(m).

## IV. SERVICE OF DOCUMENTS

Once an attorney for a defendant appears in a pro se plaintiff's civil rights action (by filing an answer, a motion to dismiss, a motion for summary judgment, etc.), that attorney's office will receive notice of all filings through the Court's electronic filing system (ECM/ECF). A pro se plaintiff need not serve documents on counsel for a defendant; the date of the electronic Notice from ECM/ECF is the date of service. Local Rule 135(a). However, for purposes of application of the "Mailbox Rule," see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009), on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed. A sample Proof of Service form is attached to this Order.

## V. DISCOVERY

    **A.** After defendants' answers are filed, the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing dispositive motions. No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin.

    **B.** Once the Court allows discovery to begin, the parties may initiate it, as provided in both the Federal Rules of Civil Procedure and Local Rules, without additional approval from the Court.

    **C.** Discovery requests must be served directly on the attorney for the party from whom discovery is sought.

    **D.** Except in the case of a discovery dispute (discussed below), parties are not to file copies of their discovery requests with the Court. Local Rules 250.1, 250.2, 250.3, 250.4. Discovery documents inappropriately submitted to the Court may be stricken.

    **E.** If a response to discovery is found to be unsatisfactory, the party seeking discovery may file a motion to compel a further response and in that case must include a copy of the discovery propounded and the response to it. Fed. R. Civ. P. 37. A motion to compel must be accompanied by "a certification that the movant has in

good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(1). A moving party should not seek to compel production of documents which are equally available to that moving party, such as documents in plaintiff's central file. A discovery motion that does not comply with applicable rules may be stricken and may result in imposition of sanctions.

**VI.  HEARINGS**

All pre−trial motions will be submitted for decision based solely upon the written papers and without a hearing. Local Rule 230(*l*). Local Rule 230(*l*) sets out the schedule for briefing motions.

**VII.  DEADLINES**

Absent good cause, all Court deadlines are strictly enforced. Requests for time extensions must be filed before the deadline expires and must state good reason for the request. Local Rule 144.

**VIII.  CURRENT ADDRESS REQUIRED**

**A.**  A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. Id.

**B.**  If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re−served a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within sixty−three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

**C.**  A Notice of Change of Address form is attached to this Order.

DATE: October 19, 2022           /s/ Sheila K. Oberto                    
                                 UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

_____

v.                                                              **Case Number:**

_____

                                                                **PROOF OF SERVICE**

_____ /

   **I hereby certify that on** _____**, I served a copy**

**of the attached** _____,

**by placing a copy in a postage paid envelope addressed to the person(s) hereinafter**

**listed, by depositing said envelope in the United States Mail at**

_____:

**(List Name and Address of Each**
**Defendant or Attorney Served)**

   **I declare under penalty of perjury that the foregoing is true and correct.**

                                          _____
                                          **(Signature of Person Completing Service)**

**Name:**_____

**I.D. #:**_____

**Address** _____

_____

_____

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

_____

v.                                                                 **Case Number:**

_____

**NOTICE OF CHANGE OF ADDRESS**

_____ /

**PLEASE TAKE NOTICE THAT (print name)** _____

hereby submits a notice of change of address in the above – entitled case as follows:

**OLD ADDRESS:** _____

_____

**NEW ADDRESS:** _____

_____

DATED: _____

**Signature of Plaintiff/Petitioner**

---

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS
FORM IN EACH OF YOUR OPEN CASES**