UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALEIGH R. FIGUERAS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY GONZALEZ, et al.,<br><br>Defendants. | 1:22-cv-01328-SKO (PC)<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 5) |

Plaintiff Raleigh R. Figueras is an immigration detainee proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. On November 10, 2022, Plaintiff filed an application to proceed *in forma pauperis*. (Doc. 5.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).

As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any

1

facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman*, 296 F.3d at 886; *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir. 1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("civil detainee" is not a "prisoner" within the meaning of the PLRA); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Act ["SVPA"], while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, ... ceased being a 'prisoner' when he was released from the custody of the Department of Corrections."); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1240 (N.D. Cal. 2008) (holding plaintiff "adjudicated NGI [not guilty by reason of insanity] and committed to [Napa State Hospital] as a result of that adjudication" was "not a prisoner as defined by the PLRA").

Because it appears Plaintiff is currently detained by United States Immigration Customs and Enforcement (ICE) pending removal, he does not qualify as a "prisoner" as defined by 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) do not appear applicable to this case. *Agyeman*, 296 F.3d at 886. Therefore, the Court has reviewed Plaintiff's application, which includes an account summary statement for Plaintiff's verified detainee account, and an account history, just as it would for any other non-prisoner litigant seeking IFP status. The Court finds that documentation sufficient to show that Plaintiff is unable to pay the fees required to maintain a civil action. Accordingly, Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) (Doc. 5) is GRANTED.

IT IS SO ORDERED.

Dated: **November 15, 2022**         /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE