UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALEIGH R. FIGUERAS,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY GONZALEZ, et al.,<br><br>  Defendants. | 1:22-cv-01328-SKO (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR A FAILURE TO OBEY COURT ORDER**<br><br>**45-DAY DEADLINE** |

Plaintiff Raleigh R. Figueras is a former immigration detainee proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

Plaintiff filed his original complaint on October 17, 2022. (Doc. 1.) On June 30, 2023, this Court issued its First Screening Order. (Doc. 7.) The Court found Plaintiff's complaint violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief could be granted. (*Id*. at 4-5, 8.) Plaintiff was granted leave to file a first amended complaint, curing the deficiencies identified by the Court, or, alternatively, to file a notice of voluntary dismissal, within 21 days of the date of service of the order. (*Id*. at 8-9.) The screening order was served on Plaintiff that same date, at his then address of record: 611 Frontage Rd., McFarland, CA 93250.

On July 13, 2023, Plaintiff filed an untitled document docketed as a Notice of Change of Address. (*See* Doc. 8.) Plaintiff provided a "Return Address – Due to deportation – changed of address" of Barangay #1 Val Buena Pinili, Ilocos Norte 2905." (*Id*. at 2.)

On July 14, 2023, the United States Postal Service ("USPS") returned the screening order marked "Undeliverable, Not in Custody." (*See* Docket Entry dated 7/14/23.) On July 17, 2023, the Clerk's Office re-served the screening order to Plaintiff at his new address in the Philippines. (*See* Docket Entry dated 7/17/23.)

## II.     DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff has failed to comply with this Court's June 30, 2023, First Screening Order. Plaintiff was afforded 21 days within which to cure the deficiencies identified in his complaint by filing a first amended complaint, or to file a notice of voluntary dismissal. (*Id*. at 8-9). Although the docket indicates that Plaintiff was served with that order on June 30, 2023, (*see* Docket Entry dated 6/30/23), at the address on record with the Court, the order was returned by the USPS marked "Undeliverable, Not in Custody." (Docket Entry dated 7/14/23.) Upon receiving notice Plaintiff's address had changed, the Clerk's Office re-served the screening order to Plaintiff at his current address in the Philippines on July 17, 2023. (Docket Entry dated 7/17/23.) More than 38 days have elapsed, and Plaintiff has failed to file either a first amended

complaint or a notice of voluntary dismissal, or to otherwise contact the Court. As a result, Plaintiff's action is subject to dismissal for his failure to obey a court order.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** Plaintiff to show cause in writing, **within 45 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended complaint or a notice of voluntary dismissal of this case.

**Failure to comply with this order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **August 24, 2023**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE