1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RALEIGH R. FIGUERAS,                    1:22-cv-01328-SKO (PC)

12                    Plaintiff,             **FINDINGS AND RECOMMENDATIONS
                                             TO DISMISS ACTION FOR PLAINTIFF'S**
13          v.                               **FAILURE TO OBEY COURT ORDERS
                                             AND FAILURE TO PROSECUTE**
14   NANCY GONZALEZ, et al.,
                                             **21-DAY OBJECTION DEADLINE**
15                    Defendants.
                                             Clerk of the Court to Assign District Judge
16

17

18          Plaintiff Raleigh R. Figueras is a former immigration detainee proceeding pro se and *in*

19   *forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

20          **I.      RELEVANT BACKGROUND**

21          Plaintiff filed his original complaint on October 17, 2022. (Doc. 1.) On June 30, 2023, this

22   Court issued its First Screening Order. (Doc. 7.) The Court found Plaintiff's complaint violated

23   Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim upon which relief could

24   be granted. (*Id*. at 4-5, 8.) Plaintiff was granted leave to file a first amended complaint, curing the

25   deficiencies identified by the Court, or, alternatively, to file a notice of voluntary dismissal,

26   within 21 days of the date of service of the order. (*Id*. at 8-9.) The screening order was served on

27   Plaintiff that same date, at his then address of record: 611 Frontage Rd., McFarland, CA 93250.

28

                                                    1

On July 13, 2023, Plaintiff filed an untitled document docketed as a Notice of Change of Address. (*See* Doc. 8.) Plaintiff provided a "Return Address – Due to deportation – changed of address" of "Barangay #1 Val Buena Pinili, Ilocos Norte 2905." (*Id*. at 2.)

On July 14, 2023, the United States Postal Service ("USPS") returned the screening order marked "Undeliverable, Not in Custody." (*See* Docket Entry dated 7/14/23.) On July 17, 2023, the Clerk's Office re-served the screening order to Plaintiff at his new address in the Philippines. (*See* Docket Entry dated 7/17/23.)

On August 25, 2023, this Court issued its Order to Show Cause ("OSC") Why Action Should Not Be Dismissed for a Failure to Obey Court Order. (Doc. 9.) The Court found Plaintiff failed to file either a first amended complaint or a notice of voluntary dismissal in accordance with the Court's first Screening Order. (*Id*. at 2-3.) Plaintiff was directed to show cause in writing, within 45 days of the date of service of the order, why this action should not be dismissed for his failure to comply with the Court's June 30, 2023, screening order. (*Id*. at 3.) Alternatively, Plaintiff was advised he could file a first amended complaint or a notice of voluntary dismissal within that same time. (*Id*.)

More than 45 days have elapsed, and Plaintiff has failed to respond to the OSC, or to file a first amended complaint or notice of voluntary dismissal, as previously ordered.

## II.    DISCUSSION

### A.  Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

1  1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

2  1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

3     In determining whether to dismiss an action, the Court must consider several factors:

4  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

5  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

6  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at

7  1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

8                    **B.  Analysis**

9     Plaintiff has failed to respond to the OSC issued August 25, 2023. He has also failed to

10  file either a first amended complaint or a notice of voluntary dismissal as directed in the Court's

11  First Screening Order issued June 30, 2023, and re-served to Plaintiff on July 17, 2023, at his

12  current address in the Philippines. The Court cannot effectively manage its docket if Plaintiff

13  ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's

14  interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh

15  in favor of dismissal. *Carey*, 856 F.2d at 1440.

16     The third factor weighs in favor of dismissal since a presumption of injury arises from the

17  occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524

18  (9th Cir. 1976). The Court's June 30, 2023, screening order provided Plaintiff with 21 days within

19  which to file a first amended complaint or a notice of voluntary dismissal. When Plaintiff filed a

20  notice of change of address on July 13, 2023, and the screening order was returned to the Court

21  marked "Undeliverable, Not in Custody," the screening order was re-served to Plaintiff in the

22  Philippines on July 17, 2023.

23     When more than 21 days elapsed following re-service of the screening order, and Plaintiff

24  had failed to comply with the screening order, the Court issued an OSC. The OSC provided

25  Plaintiff with an additional 45 days within which to respond in writing to the OSC, or,

26  alternatively, to file a first amended complaint or a notice of voluntary dismissal. Approximately

27  52 days have passed, and Plaintiff has neither responded to the OSC, nor filed a first amended

28  complaint or a notice of voluntary dismissal. His inaction amounts to an unreasonable delay in

1  prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of

2  prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

3        The fourth factor usually weighs against dismissal because public policy favors

4  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

5  "this factor lends little support to a party whose responsibility it is to move a case toward

6  disposition on the merits but whose conduct impedes progress in that direction." *In re*

7  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

8  (citation omitted). By failing to comply with the Court's screening order and by failing to respond

9  to the OSC or to otherwise contact the Court, Plaintiff is not moving this case forward and is

10  impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on

11  their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

12        Finally, the Court's warning to a party that failure to obey the court's order will result in

13  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

14  Here, the Court's screening order stated: "**If Plaintiff fails to comply with this order, the Court**

15  **will recommend that this action be dismissed, without prejudice, for failure to obey a court**

16  **order and for failure to prosecute.**" (Doc. 7 at 9.) Further, in the OSC, the Court warned as

17  follows: "**Failure to comply with this order will result in a recommendation that this action**

18  **be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**" (Doc. 9 at

19  3.) Additionally, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights

20  Case, issued October 19, 2022, Plaintiff was advised, in relevant part: "In litigating this action,

21  the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),

22  and the Local Rules of the United States District Court, Eastern District of California ("Local

23  Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of

24  sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc.

25  2 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

26  Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of

27  dismissal. *Carey*, 856 F.2d at 1440.

28

4

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.     CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 16, 2023**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

5